**Gary Dean MAXFIELD,
Plaintiff-Appellant,**

v.

**INDYMAC MORTGAGE SERVICES, a
division of Onewest Bank, FSB; et
al., Defendants-Appellees.**

No. 17-35023

United States Court of Appeals,
Ninth Circuit.

Submitted October 23, 2017 *

Filed November 1, 2017

Jill J. Smith, Esquire, Attorney, Natural Resource Law Group, PLLC, Seattle, WA, for Plaintiff-Appellant

Laura N. Coughlin, Wright, Finlay & Zak, LLP, Seattle, WA, Wright, Jonathan D. Fink, Attorney, Finlay & Zak, LLP, Newport Beach, CA, for Defendants-Appellees

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Gary Dean Maxfield appeals from the district court's judgment dismissing his action alleging a Truth in Lending Act ("TILA") claim for rescission. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Serra v.*

*Lappin,* 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Maxfield's action as time-barred because Maxfield did not send a notice of rescission to defendants within three years of consummation of the loan. *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.,* —— U.S. ——, 135 S.Ct. 790, 792, 190 L.Ed.2d 650 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."). We reject as without merit Maxfield's contention that the subject loan transaction was not consummated.

The district court did not abuse its discretion in taking judicial notice of documents filed with the county recorder's office. *See* Fed. R. Evid. 201(b) (court may take judicial notice of a fact that is "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and stating that court may take judicial notice of matters of public record).

We do not consider arguments and allegations raised for the first time on appeal.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.